IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **SCOTT ORRIN BRANDEBERRY**, | Case No. 3:12 CV 1185 |
| Petitioner, | Judge Sara Lioi |
| v. | REPORT AND RECOMMENDATION |
| **ROD JOHNSON**, | |
| Respondent. | Magistrate Judge James R. Knepp II |

### INTRODUCTION

On May 14, 2012, Petitioner Scott Orrin Brandeberry filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Petitioner is currently incarcerated at the Madison Correctional Institution. (Doc. 1, at 1). Prior to the Court issuing a show-cause order, Petitioner filed a Motion for Summary Judgment on July 23, 2012, requesting the Court "grant his motion for summary judgment due to the fact that [the] Ohio Attorney General ha[d] failed to respond in a timely manner." (Doc. 5, at 2). The Court issued a show-cause order on August 3, 2012, requiring Respondent to file a Return of Writ within 45 days. (Doc. 6, at 1). Respondent filed an Opposition to Petitioner's Motion for Summary Judgment on August 13, 2012 (Doc. 8) and Petitioner filed a Reply on August 23, 2012 (Doc. 9). On August 31, 2012, Respondent filed a First Motion for Extension of Time to file a Return of Writ (Doc. 10), which the undersigned granted September 4, 2012 (Doc. 11).

### ANALYSIS

Under 28 U.S.C. § 2243, a court or judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why

the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." The Sixth Circuit disapproves issuing a show-cause order until the district court has carefully examined the petition and determined whether it is sufficient on its face to state a cause of action. *Watmuff v. Perini*, 427 F.2d 527, 528 (6th Cir. 1970) (citing *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970) (superseded on other grounds)).

Petitioner requests summary judgment because he stated Respondent had not timely responded to the Petition (Doc. 5, at 2), but this is simply not the case. No show-cause order had even issued when Petitioner filed his Motion, and the time allotted for Respondent to file a Return of Writ has not yet elapsed. (Doc. 6; Doc. 11). Thus, it is not true Respondent failed to timely respond. Moreover, even if Respondent had failed to timely respond, this would not "afford a basis for instanter relief" and Petitioner would still be required to prove the merits of his case by competent evidence. *Allen*, 424 F.2d at 138. In his Reply, Petitioner appears to concede he is not entitled to summary judgment, requesting only that the Court require Respondent to respond to his Petition. (Doc. 23, at 2).

### CONCLUSION AND RECOMMENDATION

Because Respondent has not failed to timely respond, the Court should deny Petitioner's Motion for Summary Judgment.

                                                      s/James R. Knepp, II
                                         United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).