IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **SCOTT ORRIN BRANDEBERRY,** | Case Number 3:12 CV 1185 |
| Petitioner, | Judge Sara Lioi |
| v. | REPORT AND RECOMMENDATION |
| **ROD JOHNSON,** Warden | |
| Respondent. | Magistrate Judge James R. Knepp II |

### INTRODUCTION

*Pro se* Petitioner Scott Orrin Brandeberry, a prisoner in state custody, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Rod Johnson filed a Return of Writ (Doc. 14) with attached exhibits, Petitioner filed a Reply (Doc. 17), Respondent responded (Doc. 18), and Petitioner filed a final response (Doc. 19).

The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated June 28, 2012). For the reasons discussed below, the undersigned recommends the Petition be dismissed.

### FACTUAL BACKGROUND

For purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, that the state court's factual findings were erroneous. 28 U.S.C § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state

court of appeals based on the state trial record. *Mitzel*, 267 F.3d at 530. On direct appeal, the Ohio Sixth District Court of Appeals set forth the following facts in this case:

> The following undisputed facts are relevant to the issues raised on appeal. In 2005, appellant was convicted of unlawful sexual conduct with a minor, a felony of the third degree. This required the appellant to register as a sexual offender. Appellant violated these requirements on or about July 24, 2005, when, without permission, he moved to Arizona and failed to register the change of address. The record shows that appellant possesses a lengthy criminal history spanning several decades, encompassing approximately 100 criminal charges, including nearly 20 felonies.
>
> Appellant was indicted on September 28, 2009, on one count of failure to verify, in violation of [Ohio Rev. Code § §] 2950.06(F) and 2950.99(A), a felony of the third degree. Through appointed counsel, appellant entered a "not guilty" plea on April 22, 2010. On May 17, 2010, this matter went before the court pursuant to a negotiated plea agreement. Appellant withdrew his plea of "not guilty" and entered a plea of "guilty." The record of the colloquy clearly reflects that appellant was fully briefed of all potential consequences of the guilty plea and advised that the trial court was not bound by the recommendations of the state. Appellant clearly affirmed his understanding of these matters. The trial court accepted his plea of guilty.
>
> On June 2, 2010, appellant was sentenced. The trial court imposed a sentence of five years to be served consecutive to a sentence appellant was serving in Arizona.

(Doc. 14-1, Ex. 2).

## PROCEDURAL BACKGROUND

The procedural background provided by Respondent is largely incorporated herein, with minor edits.

### State Trial Court

On September 28, 2009, a grand jury in Lucas County, Ohio indicted Plaintiff for one third-degree felony (Ohio Rev. Code §§ 2950.06(F), 2950.99(A)) Sex Offender Failure to Verify Current Address charge. (Doc. 14-1, Ex. 3). On May 17, 2010, Petitioner, represented by counsel, withdrew his not guilty plea and pled guilty to the third-degree felony Sex Offender Failure to Verify Current Address charge. (Doc. 14-1, Ex. 4). State and defense counsel jointly

2

recommended that any sentence imposed in the case be served concurrently to any sentence Petitioner was currently serving in the State of Arizona. (Doc. 14-1, Ex. 5). The state court accepted the guilty plea and requested a pre-sentencing report. (Doc. 14-1, Ex. 6).

On June 3, 2010, the trial court imposed a five year prison sentence, to be served consecutively to Petitioner's sentence in Navajo County, Arizona Superior Court (Case No. CR20090901). The trial court granted Petitioner jail-time credit, plus any future custody days while he awaited transportation to the appropriate state institution. The trial court also imposed three years post-release control. (Doc. 14-1, Ex. 1). Respondent attached transcripts of the bond hearing, arraignment, pre-trial, change of plea hearing, and sentencing hearing. (Docs. 14-2, 14-3).

**Direct Appeal**

Although Petitioner was appointed appellate counsel, he filed a *pro se* notice of appeal with the Sixth District Court of Appeals. (Doc. 14-1, Ex. 7). After several procedural motions and rulings, Petitioner's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), listing the following potential assignments of error:

1. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

2. THE TRIAL COURT ABUSED ITS DISCRETION BY ACCEPTING THE APPELLANT'S GUILTY PLEA WITHOUT ENSURING THAT THE PLEA WAS KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED.

3. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO A MAXIMUM SENTENCE TO BE SERVED CONSECUTIVE TO THE TERM APPELLANT WAS SERVING IN ARIZONA.

(Doc. 14-1, Ex. 8).

Petitioner then filed a *pro se* "Petition for Review Brief Arguing of Errors" raising the following claims:

1. HE WAS "PREJUDICED AND HIS RIGHTS VIOLATED" WHEN "THE PROSECUTION FAILED TO FULFILL THE PLEA NEGOTIATION.

2. PROSECUTION FOR FAILURE TO VERIFY AND FAILURE TO REGISTER IN ARIZONA VIOLATE DOUBLE JEOPARDY AND THE *BLOCKBERGER V. U.S.*, 284 U.S. 299 (1932) ELEMENTS TEST.

3. HIS TRIAL COUNSEL WAS INEFFECTIVE BECAUSE SHE DID NOT FILE A MOTION TO SUPPRESS HIS PRIOR CONVICTIONS.

4. THE TRIAL COURT'S SENTENCE WAS IMPROPER.

5. CUMULATIVE (*sic*) ERRORS LED TO PREJUDICE.

(Doc. 14-1, Ex. 9).

Petitioner also filed a *pro se* "Supplemental Appellate Brief" and raised these additional paraphrased allegations:

1. TRIAL COUNSEL WAS ALSO INEFFECTIVE FOR NOT REVIEWING THE PRE-SENTENCE REPORT OR OBJECTING TO "ANY MITIGATING FACTORS SHE WAS AWARE OF."

2. CUMULATIVE (*sic*) ERRORS IN HIS CRIMINAL HISTORY RECORD LED TO PREJUDICE.

3. THE PROSECUTION CANNOT STIPULATE OR CONTEST ANY FACTS, PREVIOUS CONVICTIONS, CURRENT GUILTY PLEAS OR OTHER BAD ACTS TO OBTAIN AN INDICTMENT FROM THE GRAND JURY.

4. FAILURE TO VERIFY, FAILURE TO REGISTER AND FAILURE TO NOTIFY ARE ALL THE SAME ELEMENTS OF A SINGLE ACT.

5. DOUBLE JEOPARDY BARS PROSECUTION OF FAILURE TO REGISTER AND FAILURE TO VERIFY BECAUSE THE STATE

4

      SUPREME COURT WILL FIND THE LATTER TO BE THE LESSER OFFENSE.

6. DOUBLE JEOPARDY BARS SUBSEQUENT PROSECUTIONS OF FAILURE TO VERIFY WHEN DEFENDANT WAS ALREADY CONVICTED OF FAILURE TO NOTIFY IN 2008 ON ORIGINAL OFFENSE.

7. IF THE OFFENSE IS A COURSE OF CONDUCT, THE COURT SHOULD TREAT AS ONE OFFENSE ALL VIOLATIONS THAT ARISE FROM THE SINGLENESS OF THOUGHT, PURPOSE, OR ACTION THAT MAY BE DEEMED A SINGLE IMPULSE.

8. THE CUMULATIVE (*sic*) ERRORS OF INEFFECTIVE TRIAL COUNSEL, BREACH OF THE PLEA AGREEMENT, PLAIN ERROR, DOUBLE JEOPARDY AND CONSECUTIVE SENTENCE THAT LEADS TO EXCEED THE MAXIMUM PRISON TERM ALLOWED CAUSED PREJUDICE.

(Doc. 14-1, Ex. 10).

Petitioner then filed a *pro se* motion to dismiss his detainer based on a Sixth Circuit Amendment violation as contemplated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Petitioner also filed a *pro se* "Motion for Leave to Appeal Consecutive Sentences" (Doc. 14-1, Ex. 12) and a "Supplemental Brief on Consecutive Sentences" that cited *Apprendi* and *Ring v. Arizona*, 536 U.S. 584 (2002). There, Petitioner argued "his aggravated maximum consecutive sentence violated his Sixth Amendment right because any fact (other than prior convictions) that increased the maximum penalty for a crime must be charged in the indictment, submitted to a jury and proven beyond a reasonable doubt." (Doc. 14-1, Ex. 13).

The state filed an opposition (Doc. 14-1, Ex. 14) and Petitioner filed a *pro se* reply (Doc. 14-1, Ex. 15). On June 27, 2011, the appellate court ruled on several of Petitioner's motions and specifically denied his motion to dismiss his detainer. (Doc. 14-1, Ex. 16). The appellate court later affirmed Petitioner's conviction and sentence in its decision on November 14, 2011. (Doc. 14-1, Ex. 2).

5

**Ohio Supreme Court**

On December 29, 2011, Petitioner timely filed a *pro se* appeal notice in the Ohio Supreme Court, raising these error assignments in his jurisdictional memorandum:

1. APPELLANT-DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

2. THE TRIAL COURT ABUSED ITS DISCRETION BY ACCEPTING THE APPELLANT-DEFENDANT (*sic*) GUILTY PLEA WITHOUT ENSURING THAT THE PLEA WAS KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED.

3. THE TRIAL COURT ABUSED IT'S (*sic*) DISCRETION IN SENTENCING APPELLANT-DEFENDANT TO A MAXIMUM SENTENCE TO BE SERVED CONSECUTIVE TO THE TERM APPELLANT-DEFENDANT WAS SERVING IN ARIZONA.

(Doc. 14-1, Ex. 17, 18).

On March 21, 2012, upon consideration of the jurisdictional memoranda filed in the case, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question. (Doc. 14-1, Ex. 19).

**Post-conviction Motion to Vacate Post-Release Control Sentence**

On June 17, 2011, Petitioner filed an untimely *pro se* Motion to Vacate Supervised Release (PRC) in the trial court. Petitioner argued that PRC is unconstitutional and violates his Fifth Amendment due process rights, his Fifth Amendment protections against double jeopardy and his Fourteenth Amendment right to equal protection. (Doc. 14-1, Ex. 20). In response, the state filed a Motion to Dismiss/Motion for Summary Judgment/Answer. (Doc. 14-1, Ex. 21). On August 31, 2011, the trial court denied Petitioner's Motion to Vacate and granted the state's Motion to Dismiss. (Doc. 14-1, Ex. 22). Petitioner did not appeal this decision.

**Motion to Withdraw Guilty Plea**

While his direct appeal was pending, on October 25, 2011, Petitioner filed a *pro se* motion in the state appellate court for leave to supplement his motion to withdraw guilty plea. (Doc. 14-1, Ex. 23). On November 3, 2011, Ohio's Sixth District Court of Appeals denied Petitioner's motion because "[t]he record does not show that appellant has properly challenged the validity of the guilty plea by either asking the trial court to vacate the plea, or challenging the knowing, intelligent and voluntary nature of the plea on direct appeal *** [and] appellant has set forth no explanation as to why this issue was not raised in a timely manner as part of his appeal." (Doc. 14-1, Ex. 24). Petitioner did not appeal this decision.

**State Habeas Corpus Case**

On April 13, 2012, Petitioner filed a *pro se* petition for writ for habeas corpus in the Ohio Supreme Court. In his petition, Petitioner claimed his indictment violated due process and his Fifth, Sixth and Fourteenth Amendment rights. (Doc. 14-1, Ex. 25). The court dismissed the petition *sua sponte*. (Doc. 14-1, Ex. 26).

### FEDERAL HABEAS CORPUS

On May 14, 2012, Petitioner filed the instant Petition raising the following grounds for relief:

> **GROUND ONE**: INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE U.S. CONST. AMEND. VI AND XIV.
> **Supporting Facts**: Trial counsel was ineffective when she failed to inform the trial court that said Petitioner was classified under Megan's (*sic*) Law December 13, 2005, Wood County, Ohio. The Ohio Attorney General illegally reclassified said petitioner as a tier II sex offender under the Adam Walsh Act January 2008, which changed petitioners (*sic*) registration and notification requirements. Trial counsels (*sic*) performance was deficient and unreasonable under the circumstance, and her performance prejudiced the defense.
>
> **GROUND TWO**: TRIAL COURT ABUSED ITS DISCRETION BY ACCEPTING GUILTY PLEA WITHOUT ENSURING THAT THE PLEA WAS

7

KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY. IN VIOLATION OF THE U.S. CONST. AMEND. V AND XIV.
**Supporting Facts**: Petitioner plead (*sic*) guilty knowingly, intelligently, and voluntarily on the promise of the negotiation and good faith of the State that the sentence would run-concurrent not consecutive to the Arizona sentence, which in turn is the same element of offense. Said Petitioner was 'tricked' by the State and defense counsel. Trial Court must either accept the plea bargain or deny the plea bargain.

**GROUND THREE**: TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING TO A MAXIMUM SENTENCE AND TO BE SERVED CONSECUTIVE TO A TERM PETITIONER WAS SERVING IN ARIZONA FOR THE SAME ELEMENT OF OFFENSE.
**Supporting Facts**: The maximum sentence is an undue burden to the State and on the local government. The maximum sentence is not consistent with sentences imposed for similar crimes committed by similar offenders. This maximum sentence is unreasonable under the circumstances. The consecutive sentence exceeds the maximum that Petitioner already served for the same element of offense in the State of Arizona in violation of the U.S. Const. Amend. V and XIV.

**GROUND FOUR**: *PRO-SE* SUPPLEMENTAL BRIEFS – PURSUANT TO APPOINTED COUNSEL *ANDERS* BRIEF.
**Supporting Facts**: Petitioner filed a number of *pro-se* supplemental briefs that do show state and federal Constitutional rights violations and supported by federal and state, legal points of authority. In violation of the Const. Amend. V and XIV.

(Doc. 1).

## JURISDICTIONAL ISSUES

Before a state prisoner may seek a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254, he must exhaust his state court remedies by fairly presenting all of his constitutional claims to the highest state court, and to all appropriate state courts prior to that, so the state is given the opportunity to pass upon and correct alleged violations of its prisoner's federal rights. 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

Under the exhaustion requirement, a petitioner must present to the state courts "both the factual and legal basis for his claim," as well as the "the same claim under the same theory." *Hicks v. Straub*, 377 F.3d 538, 552 (6th Cir. 2004); *Solether v. Williams*, 527 F. App'x 476, 483

(6th Cir. 2013). Moreover, the issue must have been presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).

If a petitioner fails to fairly present his claims through the state courts, and if no avenue of relief remains open or if it would otherwise be futile for the petitioner to continue to pursue his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that the petitioner has waived his claims for habeas corpus relief. *See Harris v. Reed*, 489 U.S. 255, 260–62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989). A petitioner can overcome waiver if he presents cause for the default and demonstrates actual prejudice from the constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992).

**<u>Ground One</u>**

In his first ground, Petitioner argues his trial counsel was ineffective when she failed to inform the trial court of Petitioner's sex offender reclassification. (Doc. 1, at 5). Petitioner raised an ineffective assistance of counsel claim in state court; however, this claim was not based on the same factual basis, legal authority, or theory that Petitioner raises in the instant Petition. *See Hicks*, 377 F.3d at 552; *Solether*, 527 F. App'x at 483. Consequently, Petitioner never fairly presented his first ground to the state courts, and the state courts never had a full and fair opportunity to rule on the issue.

In his state court direct appeal, Petitioner claimed his trial counsel failed to file a motion to suppress his prior convictions (Doc. 14-1, Ex. 9) and she allegedly did not review the pre-sentence report or object to any "mitigating factors she was aware of" (Doc. 14-1, Ex. 10). However, in the instant Petition, Petitioner claims his trial counsel was ineffective because she

failed to inform the trial court about sex offender reclassification. Even assuming this is true, Petitioner did not fairly present this claim to the state courts. Moreover, Petitioner has not alleged cause for his default, nor has he shown that he suffered actual prejudice. *Murray*, 477 U.S. at 485. Accordingly, Petitioner's first ground for relief is barred from review because he failed to present it to the state courts.

### **Ground Four**

In his fourth ground, Petitioner requests relief based on arguments made in his *pro se* supplemental briefs on direct appeal. (Doc. 1). Specifically, Petitioner claims "he filed a number of [*pro se*] supplemental briefs that [] show state and federal Constitutional rights violations . . . [i]n violation of the Const. Amend. V and XIV." (Doc. 1, at 10).

Simply stated, this ground for relief is precluded from review because Petitioner failed to provide sufficiently detailed facts on the face of the Petition. Habeas Rule 2(c) requires petitioners to "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground." Rules Governing Habeas Cases 2(c); *Mayle v. Felix*, 545 U.S. 644, 656 (2005). Failing to provide factual context in support of legal conclusions warrants dismissal of the petition or claims. *Smith v. Haskins*, 421 F.2d 1297, 2398 (6th Cir. 1970).

Moreover, Petitioner waived this claim because he failed to fairly present it to the Ohio Supreme Court; therefore, the state courts never had a full and fair opportunity to rule on the issue. *O'Sullivan*, 526 U.S. at 838. Although Petitioner filed numerous *pro se* pleadings with multiple issues in the court of appeals, he failed to raise these same issues in the Ohio Supreme Court. (*See* Doc. 14-1, Ex. 9-10 *but see* Doc. 14-1, Ex. 17-18). Furthermore, Petitioner has not shown cause or prejudice for his default, and the Court finds neither. Because Petitioner failed to

sufficiently present the facts of this claim, and fairly and fully present it to the state courts, Petitioner has waived this claim and procedural default precludes substantive review.

## STANDARD OF REVIEW

When the basis for a federal habeas claim has been previously adjudicated by the state courts, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409–11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011).

**Ground Two**

In his second ground for relief, Petitioner claims the trial court abused its discretion by accepting a guilty plea without ensuring it was made knowingly, intelligently, and voluntarily pursuant to the 5th and 14th Amendments to the U.S. Constitution. (Doc. 1, at 7). Specifically,

Petitioner claims he was "tricked" by state and defense counsel because he thought his sentence would run concurrently, not consecutively, to his Arizona sentence. (Doc. 1, at 7). Petitioner presented this claim on direct review and to the Ohio Supreme Court. Ohio's Sixth District Court of Appeals reviewed this claim and made the following determination:

> Appellant's second potential assignment of error contends that the trial court abused its discretion by accepting the appellant's guilty pleas without ensuring that the plea was knowingly, intelligently and voluntarily entered.
>
> The Supreme Court of Ohio has stated: "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid." *State v. Veney,* 120 Ohio St.3d 176, 2008 Ohio 5200, ¶ 31, 897 N.E.2d 621.
>
> After thorough review of the transcript of the change of plea hearing, it is clear that the trial judge properly and fully advised appellant of his rights before entering his plea of guilty. Appellant unambiguously affirmed his understanding of the consequences of the guilty plea. Appellant's second potential assignment of error is not well-taken.

(Doc. 14-1, Ex. 2).

A plea must be entered into knowingly and voluntarily in light of the alternative courses of action open to the defendant. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). In viewing the voluntariness of a guilty plea, the Court must look to the totality of the circumstances surrounding the plea. *See Caudill v. Jago,* 747 F.2d 1046, 1050 (6th Cir. 1984); *Brown v. Perini,* 718 F.2d 784, 786 (6th Cir. 1983). For a plea to have been intelligent and knowing, the trial court must ensure that the defendant is aware of the direct consequences of the plea, including the maximum sentence that can be imposed. *King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir. 1994).

Simply put, the evidence before the Court shows Petitioner's guilty plea was entered knowingly and voluntarily. First, Petitioner signed and executed a guilty plea that explicitly

12

stated the maximum penalty for the offense, and that the sentence "may be imposed consecutively." (Doc. 14-1, Ex. 4). By signing the guilty plea, Petitioner specifically acknowledged he understood the nature of the charge, his possible defenses, he was satisfied with his attorney's advice and competence, he was not under the influence of alcohol or drugs, and no threats had been made to him. (Doc. 14-1, Ex. 4).

Petitioner was told, however, there would be a joint sentencing recommendation for a concurrent sentence; and the trial court received the joint sentencing recommendation for a concurrent sentence signed by Petitioner's trial counsel, Petitioner, and the state prosecutor. (Doc. 14-1, Ex. 5). By signing, Petitioner acknowledged his plea was not conditioned upon the trial court accepting the plea recommendation, the trial court could impose any sentence authorized by law, and he was not promised any particular sentence. (Doc. 14-1, Ex. 5).

Moreover, at the plea hearing, the following colloquy took place between Petitioner and the trial court judge:

> THE COURT: I could sentence you to 5 years and after you were released on your Arizona time they would bring you back to Ohio to complete that stated prison term. Do you understand that?
>
> [PETITIONER]: Yes, I do.
>
> THE COURT: But I want you to understand that I'm not bound by that recommendation. I can sentence you consecutively. And consecutive means you serve out the Arizona sentence, there's a holder on you in Arizona, the Ohio authorities bring you back to serve your time in Ohio to complete that time. Do you understand that?
>
> [PETITIONER]: Yes.
>
> THE COURT: And that would be no credit, you would serve out Arizona time then with no credit start serving this sentence, and presume it will be for 5 years. Do you understand that?
>
> [PETITIONER]: Yes, I do.

> THE COURT: And again, knowing that do you maintain your guilty plea?
>
> [PETITIONER]: Yes, I do.
>
> \*\*\*
>
> THE COURT: Other than the promise that the State will recommend that this sentence be served concurrently with the sentence you're serving in Arizona right now, and my promise I'll listen to that but I'm not bound by that recommendation, for purposes of the plea presume it's a consecutive sentence; so in other words, other than the State's promise has there been any other promise made to you to get you to enter this plea?
>
> [PETITIONER]: No.

(Doc. 14-2, at 9-10, 15-16). The trial court also explicitly reviewed Petitioner's constitutional rights. (Doc. 14-2, at 12-15). Petitioner then stated on the record that he understood his rights and that it was his desire to give up his constitutional rights and plead guilty. (Doc. 14-2, at 12-15). After these notifications, Petitioner stated it was in his best interest to enter a guilty plea. (Doc. 14-2, at 17).

In addition, the sentencing hearing further belies Petitioner's claim that he was "tricked" into entering his guilty plea:

> THE COURT: Now, in addition you are presently serving time in the State of Arizona out of Navajo County. Do you understand this Court can sentence you concurrently? That means as you serve your time out in Arizona you're getting credit on Ohio time. But I want you to understand and presume that I'm going to sentence you consecutively. That means you would serve out your time in Navajo, for the Navajo County offense with no credit on the new offense. And then there would be a placeholder on you. You would be brought back to Ohio to serve your time. Do you understand that?
>
> [PETITIONER]: Yes, I do.
>
> THE COURT: And knowing that do you maintain your guilty plea?
>
> [PETITIONER]: Yes, I do.
>
> THE COURT: In addition, the State is making a recommendation that this sentence be served concurrently with that from the State of Arizona. That is merely a recommendation, you understand that?

14

[PETITIONER]: Yes.

THE COURT: And presume that I am not going to accept that recommendation so you understand the full consequences of sentencing. Do you understand that?

[PETITIONER]: Yes.

THE COURT: And knowing all of that you're maintaining your guilty plea?

[PETITIONER]: Yes, I am.

(Doc. 14-3, at 8-9).

Based on the signed change of plea form and Petitioner's verbal admissions and acknowledgements, it was objectively reasonable for the state courts to determine Petitioner had been advised of his constitutional rights and that he understood the nature of the charge and effect of his plea. Moreover, it was objectively reasonable for the state courts to determine that Petitioner made a knowing, intelligent, and voluntary waiver of his constitutional rights. Simply put, the trial court did not abuse its discretion when accepting Petitioner's guilty plea. To the contrary, the trial court was explicitly thorough and careful in protecting Petitioner's constitutional rights. The trial court twice asked Petitioner if he was aware of his constitutional rights, and twice asked Petitioner if he was aware that the court was not bound by the recommended "concurrent" sentence. Moreover, the trial court twice informed Petitioner that it could, and to assume that it would, impose the maximum consecutive sentence. Indeed, Petitioner acknowledged each inquiry in the affirmative, acknowledged he was susceptible to the maximum consecutive sentence, and affirmatively entered his plea of guilty. Accordingly, the evidence does not support Petitioner's second ground for relief and this claim should be dismissed with prejudice.

**Ground Three**

In his third ground for relief, Petitioner alleges the trial court abused its discretion in sentencing petitioner to the maximum sentence to be served consecutive to the term Petitioner was already serving for the same offense. (Doc. 1, at 8).

Petitioner fairly presented and exhausted this claim in state court. Ohio's Sixth District Court of Appeals reviewed this claim and made the following determination:

> In his third potential assignment of error, appellant argues the trial court abused its discretion in sentencing appellant to a maximum sentence, to be served consecutive to the term appellant was serving in Arizona.
>
> This issue is reviewed pursuant to the standards established by *State v. Foster,* 109 Ohio St.3d 1, 2006 Ohio 856, 845 N.E.2d 470. *Foster* held several of Ohio's sentencing statutes unconstitutional in violation of the *Sixth Amendment to the United States Constitution* in the manner enumerated in *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 and *Blakely v. Washington* (2004), 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403.
>
> Trial courts are no longer required to make specific findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences. *Foster* vests trial courts with full discretion to impose any duration of prison sentence which falls within the statutory range.
>
> "In applying *Foster* to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." *State v. Kalish, 120 Ohio St. 3d 23, 2008 Ohio 4912, ¶ 4, 896 N.E.2d 124*.
>
> In sentencing appellant, the trial court did not violate any sentencing statutes or in any way abuse its discretion when it sentenced appellant to the maximum sentence to be served consecutively with the term from Arizona. Ample evidence of appellant's propensity for recidivism and the accompanying need to protect the public supports the sentence of the trial court. Appellant's third proposed assignment of error is not well-taken.

(Ex. 2, Doc. 14-1, at 5-6).

Here, the trial court's sentence and the appellate court's review of the same were objectively reasonable and not contrary to clearly established federal precedent regarding criminal sentencing.

The Eighth Amendment, which applies to the States by virtue of the Fourteenth Amendment, provides that cruel and unusual punishments shall not be inflicted. *Robinson v. California*, 370 U.S. 660 (1962). On occasion, the Supreme Court has stated that the Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime. *Rummel v. Estelle*, 445 U.S. 263, 271-72 (1980); *Weems v. United States*, 217 U.S. 349, 376 (1910). However, strict proportionality between a crime and its punishment is not required to pass Eighth Amendment scrutiny. *Harmelin v. Michigan*, 501 U.S. 957, 958-59 (1991).

The Sixth Circuit has adopted the *Harmelin* "narrow proportionality principle" which requires a grossly disproportionate sentence in light of the conduct being punished to violate the Eighth Amendment. *U.S. v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Id*.

Generally, state trial court judges are given great discretion in determining sentences. *Solem v. Helm*, 463 U.S. 277, 290 (1983). Moreover, substantial deference is given to the sentencing court's decision and the legislature's broad authority to enact criminal penalties. *Id.* The Supreme Court cautioned that federal courts should be "reluctan[t] to review legislatively mandated terms of imprisonment" and that "successful challenges to the proportionality of particular sentences" should be "exceedingly rare". *Rummel*, 445 at 272, 274. A sentence that falls within the maximum penalty set by statute does not constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000).

17

The maximum sentence for Ohio Rev. Code § 2950.06(F) – Sex Offender Failure to Verify Current Address – is five years, and consecutive sentencing is permitted under Ohio Rev. Code § 2929.41 and *State v. Foster*, 109 Ohio St. 3d 1 (2006).  Here, Petitioner simply cannot establish that his sentence constituted cruel and unusual punishment or that his sentence deprived him of due process or equal protection under the law. Petitioner's sentence did not exceed the maximum term permitted under Ohio law and consecutive sentencing is constitutionally permissible. *Oregon v. Ice*, 555 U.S. 160 (2009).

Moreover, as the state appellate court pointed out, ample evidence of Petitioner's propensity for recidivism and the accompanying need to protect the public supports the trial court's sentence. Simply put, the trial court did not abuse its discretion in sentencing Petitioner to the maximum consecutive sentence and his third ground for relief should be dismissed with prejudice.

## CONCLUSION AND RECOMMENDATION

Following review, the undersigned recommends the Court find Petitioner's grounds for relief procedurally defaulted or meritless and dismiss the Petition with prejudice.

                                            s/James R. Knepp II
                                           United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).