UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT ORRIN BRANDEBERRY, | ) | CASE NO.  3:12-cv-1185 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM  OPINION |
| | ) | |
| | ) | |
| ROD JOHNSON, Warden, | ) | |
| | ) | |
| RESPONDENT. | ) | |

On May 14, 2012, petitioner Scott Brandeberry filed with this Court a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1). The petition was referred to United States Magistrate Judge James R. Knepp II for the preparation of a Report and Recommendation. The report recommends that this Court dismiss petitioner's application. (Doc. No. 20 ["R&R"].) Petitioner has filed timely objections to the report (Doc. No. 21 ["Obj."]), and respondent has filed a response to petitioner's objections (Doc. No. 22 ["Resp."]).

**I. STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, No. 94-5441, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed

by any party.") Likewise, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court provides, "[t]he judge must determine de novo any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation." 28 U.S.C. foll. § 2254.

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); LR 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

With respect to challenges to the determinations made by the state courts in petitioner's case, this Court has a limited scope of review. In § 2254(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDP"), Congress enacted a rebuttable presumption that a federal court may not grant habeas relief from a state court conviction if the last state court adjudicated "on the merits" the same federal law question that is presented to the federal court. Congress further created two exceptions to that bar. Specifically, a federal court may grant habeas relief where the state court adjudication is either "contrary to" or "involved an unreasonable application of" settled federal law, as

2

decided by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). Habeas relief is also available where the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring in judgment)).

A state court's legal decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). Moreover, a state court's legal determination will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

## II. Discussion

### A. *The R&R*

Petitioner was charged in state court with one count of failure of a sex offender to verify a current address, in violation of Ohio Rev. Code §§ 2950.06(F) and 2950.99(A). (Doc. No. 14-1, Ex. 3, Indictment.) On May 18, 2010, petitioner entered a counseled plea of guilty to the charged offense. (*Id.*, Ex. 4, Written Plea.) While the state and defense counsel jointly recommended that petitioner's sentence be served concurrently with a state sentence petitioner was already serving in Arizona, the trial judge imposed a five year prison sentence—the statutory maximum—to be served consecutively to the sentence he was serving in Arizona. (Doc. No. 14-1, Ex. 5, Sentence Recommendation, and Ex. 1, Judgment Entry.)

In his federal habeas application, petitioner raised four grounds: (1) his counsel was ineffective for failing to inform the trial court of petitioner's sex offender reclassification; (2) his guilty plea was not knowing, intelligent, and voluntary because the State promised that his sentence would run concurrent to his Arizona sentence; (3) the trial court abused its discretion in sentencing him to a statutory maximum sentence that was to be served consecutive to the Arizona sentence; and (4) the supplemental briefs he filed demonstrated unspecified constitutional violations. The magistrate judge found the first and fourth grounds waived, as petitioner never fairly presented these ground to the state courts, and recommended that relief be denied on the fourth ground for the additional reason that petitioner failed to provide the level of specificity required by the

4

Rules Governing Habeas Cases 2(c). (R&R at 379-81.)[1] The R&R discounted the second ground, finding that it was conclusively refuted by the record before the trial court. (*Id*. at 381-85.) Finally, the magistrate judge recommended that this Court reject the third ground, finding that the appellate court's review of the trial court's judgment of sentence was "objectively reasonable and not contrary to clearly established federal precedent regarding criminal sentencing." (*Id*. at 387.)

### B. Factual Error in the State Appellate Court

Petitioner sets forth two specific objections to the R&R. In the first, he takes issue with the magistrate judge's reference to petitioner's "lengthy criminal history spanning several decades, encompassing approximately 100 criminal charges, including nearly 20 felonies." (R&R at 372.) The quote in the R&R is taken from the state appellate court's decision denying petitioner's direct appeal, which the magistrate judge relies upon in establishing the factual background for the application. (*See* Doc. No. 14-1, Ex. 2 [*State of Ohio v. Brandeberry*, Court of Appeals No. L-10-1161 (Ohio Ct. App. Nov. 10, 2011].) He complains that the R&R—and by implication, the state appellate court—misrepresented his criminal record, as he has 8 felonies and 23 misdemeanor convictions and cites to the transcript from the June 3, 2010 sentencing hearing in support. (Obj. at 389 [citing Doc. No. 14-3, "TR"].)

"[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding . . . ."

---

[1]All page numbers are to the page identification number generated by the Court's electronic docketing system.

*Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (citing 28 U.S.C. § 2254(d)(2)); *Williams*, 529 U.S. at 399 (O'Connor, J., concurring). The state court's factual determinations are presumed correct, unless successfully rebutted by the petitioner by clear and convincing evidence. *Miller-El*, 537 U.S. at 340. The factual determinations of a state appellate court, just like those of the state trial court, are cloaked in this presumption of correctness. *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47, 101 S. Ct. 764, 66 L. Ed. 2d 722 (1981)). This presumption extends to factual findings made by the state appellate court on the basis of review of the trial court record. *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001); *see Girts v. Yanai*, 501 F.3d 743, 749 (6th Cir. 2007).

Here, petitioner has demonstrated by clear and convincing evidence that the state appellate court erred in its evaluation of petitioner's criminal record. While the sentencing hearing transcript reveals petitioner had 8 felony convictions, the state appellate court more than doubled that number. (TR at 271.) Moreover, it is clear that this erroneous factual determination played a role in the state appellate court's adjudication of one of petitioner's assignments of error on direct appeal.

Based on the foregoing, the Court finds that petitioner has rebutted the presumption of correctness of the state appellate court's decision by clear and convincing evidence; namely, the transcript of the sentencing hearing. *See* 28 U.S.C. § 2254(e)(1). This factual error formed the basis of the state appellate court's determination that the trial court did not abuse its discretion in sentencing petitioner to the statutory maximum sentence and running the sentence consecutive to the Arizona sentence. (Doc. No. 14-1,

6

Ex. 2, ¶ 22 ["Ample evidence of appellant's propensity for recidivism and the accompanying need to protect the public supports the sentence of the trial court."].)

This does not, however, end the inquiry. In fact, it does nothing more than remove the deference this Court is to afford state court determinations under the AEDPA. The Sixth Circuit described the applicable analysis following the removal of the "deference" bar as follows:

> Having determined that AEDPA's relitigation bar does not preclude consideration of Petitioner's claim pursuant to § 2254(d), the next question is whether Petitioner can prevail on his underlying constitutional claim. *See [Smith v.] Bradshaw*, 591 F.3d [591 F.3d 517,] 522 [(6th Cir. 2010)]. It is not enough that Petitioner show an unreasonable determination of fact under § 2254(d)(2)—doing so only removes AEDPA's litigation bar. Once the bar is removed, Petitioner must show that he is being held in violation of federal law by identifying, and prevailing on, a federal claim. *See [Wilson v.] Corcoran*, [562 U.S. 1, 13,] 131 S. Ct. [13, 178 L. Ed. 2d 276 (2010)] (reversing grant of habeas under § 2254(d)(2), where the court of appeals did not identify an error of federal law upon which to grant relief"); *see also* 18 U.S.C. §§ 2241, 2254(a); *Swarthout v. Cooke*, -- U.S. --, 131 S. Ct. 859, 861, 178 L. Ed. 2d 732 (2011); *Matthews v. Parker*, 651 F.3d 489, 522 (6th Cir. 2011).

*Rice v. White*, 660 F.3d 242, 257 (6th Cir. 2011). The Court, therefore, must determine whether petitioner is being held in violation of federal law. *Id.*

Though at the statutory maximum, petitioner's sentence did not exceed the maximum penalty permitted by state law. Only extreme sentences that are grossly disproportionate to the crime fall within the Eighth Amendment's ban on cruel and unusual punishment. *United States v. Hopper*, 941 F.2d 419, 422 (6th Cir. 1991). It is well settled that a sentence that falls within the penalty set by statue normally does not violate the Eighth Amendment. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). Additionally, judges in Ohio have discretion to order that sentences run consecutively.

7

*See State v. Bonnell*, 16 N.E.2d 659, 666-68 (Ohio 2014) (citing, among authorities, *State v. Foster*, 845 N.E.2d 470 (Ohio 2006)); *see generally Oregon v. Ice*, 555 U.S. 160, 165, 129 S. Ct. 711, 172 L. Ed. 2d 517 (2009) (consecutive sentences are constitutionally permissible). Because petitioner's sentence was lawful under Ohio law and was not disproportionate to the crime, it was constitutionally permissible.

Moreover, while the state appellate court misinterpreted petitioner's record, the state trial court did not. The sentencing judge thoroughly and accurately considered petitioner's 8 felony convictions and 23 misdemeanor convictions in arriving at petitioner's sentence. *See Potter v. Yukins*, 6 F. App'x 295, 296 (6th Cir. 2001) ("In order to establish a due process violation based on the use of false information in sentencing, a habeas petitioner must show that the information in question was materially false and that the trial court relied on it.") (citations omitted). Though he had fewer felony convictions than the state appellate court identified, petitioner still had a significant criminal record that was properly considered by the sentencing court. *See, e.g., id.* at 297 (state sentencing court properly took into account the petitioner's

"extensive criminal history"). This objection is overruled.[2]

### C. Petitioner Failed to Exhaust Ground One

Petitioner also challenges the magistrate judge's recommendation that the Court find that he failed to exhaust his ineffective assistance of counsel claim. He directs the Court's attention to record cites he believes demonstrate that he raised this issue before the state appellate court. (Obj. at 390.)

In order to seek a writ of habeas corpus, a petitioner must exhaust state remedies, which involves fairly presenting all constitutional claims to the highest state court, so that the state is given an opportunity to address and rectify any violations of a prisoner's federal rights. 28 U.S.C. §§ 2254(b) and (c); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (Under the exhaustion requirement, a petitioner must present to the state courts "both the factual and legal basis for his claim[.]") If a petitioner fails to present his constitutional claim in the state courts, and the time for filing such a claim has passed, the petitioner has waived his right to raise the issue in habeas review,

---

[2] Additional reasons exist for denying habeas relief on this ground. First, while petitioner challenges the magistrate judge's reliance on the state appellate court's fact-findings, the error occurred in the state appellate court. Petitioner failed to raise this factual error in the Ohio Supreme Court and the issue is, therefore, waived. He also failed to raise the issue before the magistrate judge. "It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a District Judge that was not fairly presented to the magistrate judge." *Marr v. Foy*, No. 1:07-cv-908, 2010 WL 3061297, at *4 (W.D. Mich. Aug. 3, 2010) (quotation marks and citations omitted). "The Magistrates Act was not intended 'to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.'" *Jones-Bey v. Caruso*, No. 1:07-cv-392, 2009 WL 3644801, at *1 (W.D. Mich. Oct. 30, 2009) (quoting *Greenhow v. United States*, 863 F.2d 633, 638-39 (9th Cir. 1988)), *rev'd o.g. sub nom by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (en banc).

absent a showing of cause for the default and actual prejudice. *See Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986) (citations omitted).

Petitioner's citations to the record simply do not support his position that he fairly presented the ineffective assistance of counsel issue identified in the first ground of the present petition to the state appellate courts. The first citation is to a motion to dismiss detainer, which does not include an ineffective assistance of counsel claim. (*See* Doc. No. 14-1, Ex. 12, motion to dismiss detainer, at 130-32.) Petitioner also cites his traverse, which references the same motion to dismiss. (*See* Doc. No. 17, traverse, at 291.) Moreover, while ineffective assistance of counsel can serve as both cause and prejudice, excusing a procedural default, petitioner has not even alleged, let alone established, that his default was the result of ineffective assistance of counsel. *See Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006) (citing *Edwards v. Carpenter*, 529 U.S. 446, 450-52, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000)). Petitioner's second objection is overruled.

### D. Remaining Objections are General and Insufficient

The remainder of petitioner's objections accomplishes nothing more to register his general disagreement with the magistrate judge's recommendations. Specifically, petitioner states:

> petitioner Brandeberry[] requests that the U.S. District Court for the Northern District [of Ohio] Eastern Division review petitioner[']s trial court case, transcripts, and his exhaustion of his state remedies. [Petitioner] Brandeberry holds to his grounds for relief.

(Obj. at 389.)

As explained in *Aldrich, supra*:

10

> A general objection, or one that merely restates the arguments previously presented are not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context. A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 436 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 147, 474 U.S. 140, 106 S. Ct. 466 (footnote omitted).
>
> ∗∗∗
>
> A general objection to the magistrate's report has the same effect as a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. *Howard v. Secretary of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991).

327 F. Supp. 2d at 747-48; *see Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (rejecting as overly general objections that "simply identified discrete claims for which the magistrate judge's recommendations were adverse [to the party] and then urged that they instead be resolved in his favor"), *abr. on o.g. by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

These overly general objections are improper and waive de novo review by this Court and appellate review from this Court's decision. *See Miller v. Currie*, 50 F.3d 377, 380 (6th Cir. 1995). The Court has reviewed the magistrate judge's R&R, and, except as set forth above, finds that it contains no error of law or fact. Thus, to the extent

that petitioner's remaining objections merely reassert the arguments from his petition, the objections are overruled.

### III. CONCLUSION

For the reasons set forth herein, petitioner's objections to the R&R are OVERRULED. Except as set forth in this Memorandum Opinion, the Court ACCEPTS the findings in the R&R, and specifically ACCEPTS the ultimate conclusion that the petition should be denied. The petition for writ of habeas corpus is DENIED and this case will be DISMISSED with prejudice. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: April 1, 2015

                                                    **HONORABLE SARA LIOI**
                                                    **UNITED STATES DISTRICT JUDGE**